**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| REVEREND DOCTOR BECK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-3659 (UNA) |
| | ) | |
| WILLIAM PELHAM BARR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

The plaintiff alleges that, between January 1, 1994, and October 15, 2015, while incarcerated at the Minnesota Correctional Facility - Stillwater, Compl. (ECF No. 1-1) at 5 (page numbers designated by CM/ECF), he "suffered immense physical and mental tortures" because the defendants denied medical treatment for an injury to his right testicle, *see id*. (ECF No. 1) at 6, 7, ultimately "result[ing] in his involuntary sterilization," *id.* at 7. He brings this action against the Attorney General of the United States, the Chief Justice of the Supreme Court of the United States, various federal judges and prosecutors, an official of the State of Minnesota, and an attorney, *see id.* at 3, for alleged violations of rights protected under the First, Fourth, Fifth, Seventh, Eighth and Fourteenth Amendments to the United States Constitution, *id.* at 5. And on review of Plaintiff's Affidavit of Exhaustion," (ECF No. 4), the plaintiff also brings this action under the Federal Tort Claims Act. He demands damages totaling $2,800.000. *See id.* at 7.

The Court concludes that the plaintiff's claims for monetary damages against Chief Justice Roberts and the other federal judges must be dismissed because these defendants are absolutely immune from suit. *See Mirales v. Waco*, 502 U.S. 9 (1991) (finding that "judicial

1

immunity is an immunity from suit, not just from ultimate assessment of damages); *Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (concluding that state judge was "immune from damages liability even if his [decision] was in error"); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in *Bradley v. Fisher*, 13 Wall. 335, 20 L. Ed. 646 (1872)."); *see also Forrester v. White*, 484 U.S. 219, 226-27 (1988) (discussing "purposes served by judicial immunity from liability in damages"). Similarly, the federal prosecutor defendants are immune from a suit for damages. *See Imbler v. Pachtman*, 424 U.S. 409, 427 (1976).

Assuming without deciding that the plaintiff raises a viable claim under the Federal Tort Claims Act, the Court concludes that it may not proceed properly in this district. *See* 28 U.S.C. § 1402(b) (stating that a "tort claim against the United States . . . may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred"). Nor is this district the proper venue for adjudication of any claim against the Minnesota defendants. *See* 28 U.S.C. § 1391(b) (designating proper venue as the location where defendants are or where a substantial part of the events giving rise to the claim occurred).

The Court will grant the plaintiff's application to proceed *in forma pauperis* and dismiss the complaint and this civil action without prejudice. An Order is issued separately.


DATE: December 30, 2020                    /s/
                                           CHRISTOPHER R. COOPER
                                           United States District Judge


2